UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20417-CIV-ALTONAGA/Torres

PETERBROOKE FRANCHISING
OF AMERICA, LLC,

    Plaintiff/Counter-Defendant,

v.

MIAMI CHOCOLATES, LLC,
CHARLES MCDONALD and
JUDY MCDONALD,

    Defendants/Counter-Plaintiff.
_____/

### DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants, MIAMI CHOCOLATES, LLC, CHARLES MCDONALD and JUDY MCDONALD, by and through their undersigned counsel, hereby submit their *Response To Plaintiff's Amended Motion For Attorneys' Fees And Costs* [ECF 284] (the "Amended Motion for Fees"). In support thereof, Defendants state as follows:

#### PROCEDURAL HISTORY

1)    Plaintiff filed its *Complaint For Injunctive Relief And Damages* against Defendant MIAMI CHOCOLATES, LLC ("Miami Chocolates")[1] on February 4, 2016. *See* [ECF 001].

2)    After Plaintiff was unsuccessful in its efforts to obtain preliminary injunctive relief against Miami Chocolates, on June 3, 2016, Plaintiff filed its five (5) count Amended Complaint that added Defendants CHARLES MCDONALD and JUDY MCDONALD (the "McDonalds") as parties. *See* [ECF 056].

---

[1] Miami Chocolates filed its Counterclaim against Plaintiff on February 5, 2016. *See* [ECF 006].

3) After the completion of discovery, the Plaintiff and Defendants filed their respective Cross-Motions for Summary Judgment. *See* [ECF 164 and 167].

4) After oral argument, on February 28, 2018, this Court entered its OMNIBUS ORDER ON MOTIONS FOR SUMMARY JUDGMENT (the "Omnibus Order"). *See* [ECF 202].

5) In the Omnibus Order, the Court granted Plaintiff's Motion for Summary Judgment as to Count IV (common law unfair competition) against all Defendants and Count V (breach of the franchise agreement) against only Miami Chocolates. All other remaining claims and issues, other than the calculation of applicable damages, were disposed in the Omnibus Order. *See* [ECF 202].

6) After an extended factual and legal dispute relating to the calculation of damages, the Court entered its final judgment on December 22, 2020 (the "Initial Final Judgment"). *See* [ECF 239].

7) On January 21, 2021, Defendants timely filed their Notice of Appeal of the Initial Final Judgment. *See* [ECF 240].

8) On February 22, 2021, Plaintiff filed its Motion For Attorneys' Fees And Costs (the "Initial Motion for Fees"). *See* [ECF 242].

9) On March 15, 2021, Defendants filed their Response To Plaintiff's Motion For Attorneys' Fees And Costs (the "Response to the Initial Motion for Fees"). *See* [ECF 247].

10) Defendants' Response to the Initial Motion for Fees argued both procedural and substantive grounds in opposition to Plaintiff's Initial Motion for Fees.

11) Procedurally, Defendants argued in that Plaintiff was not entitled to any award of attorneys' fees due to Plaintiff's failure to comply with Local Rule 7.3(b). *See* Response to the Initial Motion for Fees at 1-3 [ECF 247].

12)  Substantively, Defendants argued that Plaintiff was not entitled to any award of attorneys' fees with respect to Count IV of the Amended Complaint for unfair competition because the Court had already ruled in the Omnibus Order that Plaintiff was not entitled to attorneys' fees under Plaintiff's claim for unfair competition in Count IV.  *See* [ECF 202] at 18 (wherein the Court ruled that, with respect to Count IV of the Amended Complaint for unfair competition, the Court "[did] **not agree** that this case is so 'exceptional' that an award of attorneys' fees is justified"). *Id.* at fn10 (emphasis added); *see also* Response to the Initial Motion for Fees at 3-5 at [ECF 247].

13)  On April 8, 2021, this Court entered its Order On Motion For Fees And Costs (the "Initial Order on Fees") wherein the Court DENIED all of Plaintiff's claims for attorneys' fees and costs sought in the Initial Motion for Fees.  *See* [ECF 250]:

> Having now established itself as the prevailing party, Plaintiff seeks $215,300.50 in fees and $4,339.51 in costs. Plaintiff says that these amounts are reasonable because of each lawyer's individual levels of experience, competence, and success. Plaintiff also adds that the rates requested are reasonable and that the number of hours is consistent with the amount of work that had to be performed to secure a favorable outcome. Thus, Plaintiff concludes that the motion should be granted in all respects with a total recovery of $219,670.01 in fees and costs.
>
> While the Court would ordinarily consider Plaintiff's motion on the merits and the relevant legal principles, there is no need to do so because Plaintiff has failed to comply with the Local Rules.  The first violation occurs in Local Rule 7.3(b), which requires that a draft motion be served at least thirty days prior to the deadline for filing any motion for fees and costs.
>
> Defendants claim that Plaintiff never served a draft of the motion for fees and costs at any time prior to the February 22, 2021 deadline. And Plaintiff never filed a reply as a rebuttal to that assertion. So, given the unrebutted contention that Plaintiff failed to comply with this requirement, this alone provides a sufficient reason for Plaintiff's motion to be denied. *See Sriskada v. Harbor Pita, Inc.*, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014) ("Local Rule 7.3's requirements are not optional, but mandatory.") (*citing Norych v. Admiral Ins. Co.,* 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion because movant

> admitted that it did not comply with Local Rule 7.3(b)'s 30–day service requirement or 21–day conferral requirement)).
>
> Even worse, Plaintiff also failed to comply with Local Rule 7.3(a)(8). That rule requires a movant to certify that he or she has made a good faith effort to resolve any issues by agreement and to describe what was agreed upon, if anything.
>
> The motion fails to meet the requirements of this rule because Plaintiff omitted a certificate of conferral and gave no explanation as to the status of the parties' conferral efforts or what was agreed upon, if anything.
>
> ***
>
> Because Plaintiff violated several provisions of the Local Rules, the motion for fees and costs is **STRICKEN** as procedurally improper. And because any motion for fees is now untimely under the same Local Rule, no leave to amend can be permitted to cure these deficiencies. Nor should it be permitted; this case after all originated from what Defendants labeled to be hyper-technical violations of the franchise agreement that were not material to the ultimate franchise relationship, Plaintiff believed otherwise and ultimately succeeded on its claims because Rules are Rules. The same principle applies here when a party violates the Court's Rules in seeking relief. The violations are material and undermine the movant's demands for relief. *See J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) ("Because the district court held that J.B. Hunt failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny J.B. Hunt's motions, we affirm.").

*See* Initial Order on Fees [ECF 250] (emphasis original).

14) Plaintiff did *not* appeal or seek reconsideration of the Court's Initial Order on Fees. Moreover, Plaintiff did *not* file any appeal or counter-appeal with respect to Defendants January 21, 2021 Notice of Appeal of the Initial Final Judgment. *See* [ECF 240].

15) Although the appeal filed by Defendants was not particularly complex, the Eleventh Circuit Court of Appeals did not issue a final opinion until October 11, 2022 (the "Appellate Opinion"). *See* 21-10242 (11th Cir. 2022). The Eleventh Circuit Court of Appeals found in favor of Defendants appeal and "vacate[d] the district court's grant of summary judgment in favor of Peterbrooke of America on its claims for breach of contract and unfair

competition, and on the appellants' counterclaim for breach of contract, and remand[ed] for further proceedings." *Id*. at 14-15.

16) Following Defendants' successful appeal, this Court held a bench-trial on the merits on March 2-3, 2023 and entered an Amended Final Judgment on March 7, 2023. *See* [ECF 279].

17) As stated in Plaintiff's Amended Motion for Fees and Costs:

> 7. On October 11, 2022, the United States District Court for the Eleventh Circuit issued its opinion which vacated the District Court's Final Judgment [ECF No. 239] and remanded the case for further proceedings.
>
> 8. In accordance with the Eleventh Circuit's instructions, this matter was reopened for further proceedings on November 14, 2022. [ECF No. 254].
>
> 9. On March 2nd and 3rd, 2023, the parties conducted a Bench Trial before the District Court. At the conclusion of the Bench Trial, the District Court found in Plaintiff's favor [ECF No. 278] on Count V for Breach of Contract and reinstated the original Final Judgment [ECF No. 239], with updated interested calculations.
>
> 10. This Motion is timely filed to seek recovery of PFA's attorneys' fees and costs pursuant to Section 21.4 of the Franchise Agreement and Section 501.2105 of the Florida Statutes.

*See* Plaintiff's Amended Motion for Fees and Costs at [ECF 284] (the "Amended Motion for Fees").

## ARGUMENT

### I. PLAINTIFF'S MOTION FOR FEES AND COSTS SHOULD BE DENIED FOR THE SAME REASONS AS PREVIOUSLY SET FORTH IN THE COURT'S INITIAL ORDER ON ATTORNEYS' FEES AND COSTS

This Court previously denied Plaintiff's earlier Motion for Attorneys' Fees and Costs [ECF 242] on grounds that Plaintiff failed to comply with Local Rule 7.3. *See* Initial Order on Fees [ECF 250]. In particular, the Initial Order on Fees chastised Plaintiff because Plaintiff failed to comply with Local Rule 7.3(b) and "[e]ven worse, Plaintiff also failed to comply with Local Rule 7.3(a)(8)" which "requires a movant to certify that he or she has made

a good faith effort to resolve any issues by agreement and to describe what was agreed upon, if anything." *See* [ECF 250] at 3.

Pursuant to Local Rule 7.3:

> **(a) Motions for Attorneys' Fees and/or Non-Taxable Expenses and Costs**. This rule provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement. A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed. The motion shall:
>
> (1) be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, ***regardless of the prospect or pendency of supplemental review or appellate proceedings***;
>
> (2) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award;
>
> (3) state the amount sought;
>
> (4) disclose the terms of any applicable fee agreement;
>
> (5) provide:
>
> (A) the identity, experience, and qualifications for each timekeeper for ` whom fees are sought;
>
> (B) the number of hours reasonably expended by each such timekeeper;
>
> (C) a description of the tasks done during those hours; and
>
> (D) the hourly rate(s)claimed for each timekeeper;
>
> (6) describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920;
>
> (7) be verified; and
>
> (8) certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount.

> Within fourteen (14) days after service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement prior to submission on the issue of amount. This Local Rule's requirements of disclosure are not intended to require the disclosure of privileged, immune, or protected material.
>
> A party shall seek costs that are taxable under 28 U.S.C. § 1920 by filing and serving a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below. The costs and expenses sought in a motion under this paragraph shall not include any cost sought in a bill of costs.
>
> **(b) Good Faith Effort to Resolve Issues by Agreement**. Except as to any aspect of a fee claim upon which the parties agree, a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this paragraph's requirements.

*See* Local Rule 7.3 (S.D. Fla. 2022) (emphasis added).

The Amended Final Judgement was entered in this litigation on March 7, 2023. *See* [ECF 279]. Pursuant to Local Rule 7.3(a), any motion for attorneys' fees must be "filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." *See* Local Rule 7.3(a). This establishes a deadline for Plaintiff to file its motion for attorneys' fees on Monday, May 8, 2023 (May 6, 2023 is the 60-day deadline, but that falls on a Saturday).

According to Local Rule 7.3(b), "a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule." *See* Local Rule 7.3(a). Thirty (30) days prior to the May 8, 2023 deadline referenced above would have been Monday, April 10, 2023 (April 8, 2023 is 30 days before May 8, 2023, but that falls on a Saturday).

In violation of Local Rule 7.3, Plaintiff first sent Defendants its "draft motion" on Wednesday, April 12, 2023. Plaintiff did not seek an extension of the April 10, 2023 deadline to serve its "draft motion." Although Plaintiff missed the deadline by a few days, as this Court previously had admonished Plaintiff in the Initial Order on Fees, "Rules are Rules." *See* [ECF 250] ("this case after all originated from what Defendants labeled to be hyper-technical violations of the franchise agreement that were not material to the ultimate franchise relationship, Plaintiff believed otherwise and ultimately succeeded on its claims because Rules are Rules. The same principle applies here when a party violates the Court's Rules in seeking relief."). *Id.*

The Court also previously admonished Plaintiff in its 2021 Initial Order on Fees for Plaintiff's previous failure to "comply with Local Rule 7.3(a)(8)." *See* [ECF 250] ("Even worse, Plaintiff also failed to comply with Local Rule 7.3(a)(8). That rule requires a movant to certify that he or she has made a good faith effort to resolve any issues by agreement and to describe what was agreed upon, if anything."). Plaintiff did make a certification pursuant to Rule 7.1, but Plaintiff did not make a certification with respect to Rule 7.3(a)(8). Although this may seem like a technicality, as previously stated by this Court, "Rules are Rules." *See* [ECF 250] at 4-5.

Because Plaintiff failed to follow Local Rule 7.3 again, even after being specifically admonished by this Court for similar failures in 2021, Plaintiff's Amended Motion for Fees should be stricken or denied entirely.

II. **EVEN IF PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULES WERE TO BE IGNORED, PLAINTIFF'S MOTION FOR FEES AND COSTS SHOULD BE DENIED ENTIRELY WITH RESPECT TO DEFENDANTS CHARLES MCDONALD AND JUDY MCDONALD.**

As stated above, the Could should deny the Motion for Fees and Costs due to Plaintiff's repeated failure to comply with this Court's Local Rules. However, even if Plaintiff's violation of the Local Rules were to be ignored, the Amended Motion for Fees should be denied with respect the Defendants Charles McDonald and Judy McDonald (collectively the "Individual Defendants").

It is clear that Plaintiff has no basis to seek fees and/or costs against the Individual Defendants with respect to "recovery from Defendant, Miami Chocolates, in the sum of $10,275.36 as to Count V of the Amended Complaint…." *Id.* With respect to "recovery from Defendants jointly and severally in the sum of $12,286.72 as to Count IV of the Amended Complaint," Plaintiff is clearly not entitled to any award of fees or costs, and certainly not against the Individual Defendants, because this Court has already concluded that an award of fees and costs is not justified under said cause of action. *See* Omnibus Order on Summary Judgment Motions [ECF 202] at 18 (wherein the Court ruled that, with respect to Count IV of the Amended Complaint for unfair competition, the Court "[did] ***not agree*** that this case is so 'exceptional' that an award of attorneys' fees is justified"). *Id.* at fn10 (emphasis added).[2]

Similarly, Plaintiff is not entitled to an award of attorneys' fees resulting from Count III of Miami Chocolates' counterclaim pursuant to Florida's Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA").

---

[2] In the Amended Motion for Fees, Plaintiff does not explicitly seek fees pursuant to Count IV ("unfair competition"). As a result, fees should not be awarded as a matter of course. However, in an abundance of caution, Defendants point to the Omnibus Order on Summary Judgment Motions [ECF 202] as grounds to substantively deny an award of fees under Count IV.

Plaintiff Miami Chocolates' lost Count III of its counterclaim for violation of FDUTPA in 2018. Plaintiff seeks fees as a prevailing "counter-defendant" to Count III of the Counterclaim pursuant to "Section 501.2105 of the Florida Statutes [FDUTPA]" in 2018. *See* Amended Motion for Fees at 3 [ECF 284]. This should be denied entirely or, at a minimum, should be denied with respect to the McDonalds individually.

From a procedural posture, it must be noted that the litigation following the appeal from the Eleventh Circuit Court of Appeals had nothing to do with any of Miami Chocolates' counterclaims under Florida's Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"). FDUTPA was not at issue following the appeal and was not at issue at the bench-trial. As a result, there is no basis to seek any award of fees under FDUTPA's Section 501.2105 of the Florida Statutes.

Even if attorneys' fees were at issue pursuant to Section 501.2105 of the Florida Statutes, Plaintiff has not established any basis for an award of attorneys' fees. *See* Amended Motion for Fees at 3 [ECF 284]. Plaintiff cites "Section 501.2105 of the Florida Statutes," but Plaintiff does not actually argue in favor of an award of attorneys' fees under said statute. *Id.* Attorneys' fees under FDUTPA are at the discretion of the Court and is dependant upon multiple factors that are not at all addressed in the Amended Motion for Fees. *See N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 395 F. App'x 563, 565 (11th Cir.2010) (*citing Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So.2d 966, 971 (Fla. 4th DCA 2007)). None of the applicable factors apply in favor of an award of attorneys' fees for Miami Chocolates' unsuccessful counterclaim under FDUTPA (Count III of the Counterclaim).

Even if Plaintiff could establish a basis for an award of attorneys' fees under Section 501.2105 of the Florida Statutes, any award of fees would solely apply to Defendant/Counter-Plaintiff Miami Chocolates. The only FDUTPA claim in this litigation was Count III of the Counterclaim made solely by Miami Chocolates against Plaintiff. *See* [ECF 006]. Neither of

the two McDonald Defendants were party to Count III or any other claim under FDUTPA. As a result, even if Plaintiff is somehow entitled to an award of attorneys' fees pursuant to Section 501.2105 of the Florida Statutes, any such award would only be limited to Defendant Miami Chocolates.

Because the McDonald Defendants are not parties to Count V of the Complaint, are not parties to Count III of the Counterclaim, and because the Court has previously ruled that attorneys' fees were not justified with respect to Count IV, there is no basis upon which any attorneys' fees or costs can be awarded against the McDonald Defendants. *See* [ECF 202]; *see also* [ECF 250].

WHEREFORE, Defendants request that this Court (i) deny the Amended Motion for Fees entirely; (ii) deny the Amended Motion for Fees with respect to Defendants Charles McDonald and Judy McDonald; and (iii) grant other such relief as this Court deems just and proper.

Dated:     May 19, 2023        **HIRZEL DREYFUSS & DEMPSEY, PLLC**
           Miami, FL           *Counsel for Defendants*
                               2333 Brickell Avenue, Suite A-1
                               Miami, Florida 33129
                               Telephone: (305) 615-1617
                               Facsimile: (305) 615-1585

                               By: /s/ *Patrick G. Dempsey*
                                   **LEON F. HIRZEL**
                                   Florida Bar No. 085966
                                   hirzel@hddlawfirm.com
                                   **PATRICK G. DEMPSEY**
                                   Florida Bar No. 27676
                                   dempsey@hddlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023 the foregoing document has been served via CM/ECF to all parties and counsel identified on the CM/ECF service list maintained by the Court in this case.

By: /s/ *Patrick G. Dempsey*