UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-20417-Civ-COOKE/TORRES

PETERBROOKE FRANCHISING OF
AMERICA, LLC,

        Plaintiff,

v.

MIAMI CHOCOLATES, LLC,
CHARLES MCDONALD and
JUDY MCDONALD

        Defendants.

_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS**

    Plaintiff, Peterbrooke Franchising of America, LLC ("PFA"), by and through undersigned counsel and pursuant to S.D. Fla. Local Rule 7.3, hereby submits its Reply to Defendants, MIAMI CHOCOLATES, LLC, CHARLES MCDONALD, and JUDY MCDONALD (collectively the Defendants") Corrected Response [ECF 289] (the "Response") to PFA's Amended Motion for Attorneys' Fees and Costs [ECF 284] (the "Motion").

## I.   INTRODUCTION

    PFA is entitled to an award of its reasonable prevailing party attorneys' fees and costs against Defendants. PFA timely served its draft Motion upon Defendants in accordance with the Amended Final Judgment's directives and Local Rule 7.3(b). PFA complied with Local Rule 7.3(a)(8) by including a compliant Certificate of Conferral in its Motion, as such, and notwithstanding Defendants' erroneous technical arguments, PFA is entitled to recover its

prevailing party fees and costs against Defendant, Miami Chocolates, LLC under Section 21.4 of the Franchise Agreement. Further, PFA established that this case was "exceptional" under 15 U.S.C. 1117(a) to justify an award of prevailing party fees and costs against Defendant, Charles and Judy McDonald, under Count IV of its Amended Complaint for Common Law Unfair Competition. Defendants' Response [ECF 289] fails to raise a legitimate basis to deny PFA from an award of entitlement and importantly does not contest the amounts sought to be collected. Accordingly, PFA should be awarded its entitlement to collect **all** of its prevailing party fees and costs against the Defendants.

## II.    MEMORANDUM OF LAW

### A. PFA Compiled with the Amended Final Judgment In Serving its Draft Motion Under Local Rule 7.3(b)

Defendant's Response completely disregards this Court's directives in its Amended Final Judgment. [ECF 278]. The Amended Final Judgment provides:

> 5. Requests for costs and attorney's fees **shall not be submitted** until after post-trial motions are decided or an appeal is concluded, whichever occurs later.
> [ECF 278, at 2] (Emphasis added).

Therefore, PFA was *ordered* to wait for the conclusion of Defendants' post-trial and appellate efforts before submitting its request for prevailing party attorneys' fees and costs. After entry of the Amended Final Judgment on March 7, 2023, Defendants did not file any post-trials motions and did not file a Notice of Appeal within the thirty (30) days provided for under Rule 4 of the Federal Rules of Appellate Procedure. *See* FRAP Rule 4(1)(A) ("In a civil case, except as provided for in Rule 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.") The deadline for Defendants to file their Notice of Appeal was April 7, 2023. PFA therefore justifiably withheld the service of its draft Motion to Defendants under Local Rule 7.3(b) until after the expiration of

the April 7, 2023 deadline in accordance with the Amended Final Judgment's directives.

Defendants' Response erroneously argues PFA's technical non-compliance with Local Rule 7.3(b) without so much as mentioning the Amended Final Judgment's directives. The clock for PFA's duties under Local Rule 7.3(b) did not start running until at least April 8, 2023. PFA served its draft Motion upon Defendants on April 12, 2023 – at least thirty (30) days prior to the deadline for filing its Motion for Attorneys' Fees and Costs. PFA indisputably complied with the Amended Final Judgment and Local Rule 7.3(b) in timely serving its draft Motion upon Defendants. Accordingly, PFA fully complied with Local Rule 7.3(b) and Defendants' technical arguments otherwise simply ignore this Court's specific instructions in its Amended Final Judgment regarding timing of any fee motions.

**B. PFA Complied with Local Rule 7.3(a)(8)**

PFA's Motion [ECF 284] included a Certificate of Service in compliance with Local Rule 7.1(a)(8). In their Response, Defendants cite to this Court's prior Order [ECF 250], which found that PFA's initial motion did not certify that counsel made a good faith effort to resolve the issues and describe what was agreed upon, if any. [ECF 289, at 8]. Defendants do not explain, beyond their citation to the prior order, how PFA's instant Certificate under Local Rule 7.3(a)(8) is non-compliant. Indeed, PFA's Certificate of Compliance complied with Local Rule 7.3(a)(8) because the Certificate advised that undersigned counsel conferred with Defendants' counsel on May 2, 2023 upon the relief sought in PFA's Motion and that "the Defendants' counsel advised that Defendants do not dispute the Plaintiff's counsels' hourly rates or amounts sought to be collected but does contest Plaintiff's entitlement to prevailing party fees and costs." [ECF 284, at 5-6]. PFA's Certificate identifies the date upon which efforts were undertaken to resolve the pending issues and the agreement(s) reached between the parties.

3

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

This Court was fully advised of the good faith efforts PFA and its counsel undertook to confer with Defendants and their counsel under Local Rule 7.3(a)(8). Defendants fail to articulate a legitimate violation of Local Rule 7.3(a)(8) and its argument against entitlement must be denied.

**C. PFA Possesses Entitlement to Seek Prevailing Party Fees from Defendant, Miami Chocolates, LLC**

PFA is entitled to an award of its reasonable attorneys' fees and costs against Defendant, Miami Chocolates, LLC, pursuant to Section 21.4 of the Franchise Agreement which provides:

> **21.4 COSTS AND LEGAL FEES**
> If We are required to enforce this Agreement in a judicial or arbitration proceeding, You shall reimburse Us for Our costs and expenses, including, without limitation, reasonable accountants', attorneys assistants', and expert witness fees, costs of investigation and proof of facts, court costs, other litigation expenses and travel and living expenses, whether incurred prior to, in preparation for or in contemplation of the filing of any such proceeding. If We are required to engage legal counsel in connection with any failure by You to comply with this Agreement, You shall reimburse Us for any of the above-listed costs and expenses incurred by Us.

PFA prevailed as to Count IV of its Amended Complaint against Defendant, Miami Chocolates, LLC, because this Court found that Defendant's "breach of the Franchise Agreement was material." [ECF 278, at 1]. Defendant, Miami Chocolates, LLC's failure to implement PFA's mandated Point-of-Sale system compelled PFA to engage legal counsel to enforce its Franchise Agreement. Having prevailed on Count IV for Breach of the Franchise Agreement, PFA is entitled to the recovery of its reasonable attorneys' fees and costs against Defendant, Miami Chocolates, LLC, under Section 21.4 of the Franchise Agreement.

Defendants' Response does not argue that PFA is not entitled to collect its prevailing party fees and costs from Defendant, Miami Chocolates, LLC. Any argument in opposition Defendants possess as to entitlement against Defendant, Miami Chocolates, LLC is therefore waived. *See Taig v. Currey,* 2022 WL 4354839 (S.D. Fla. Aug. 15, 2022) (deeming argument not raised in response waived). Therefore, PFA should be found entitled to collect its prevailing party fees and costs from

Defendant, Miami Chocolates, LLC, as to Count V of its Amended Complaint and as to Counts I-II of Defendant's Counterclaim. With respect to Count III of Defendant's Counterclaim, Section 501.2105(1) (Fla. Stat. (2023)) provides:

> (1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorneys' fees and costs from the nonprevailing party.

Here, the Court found that PFA is the prevailing party under Count III of Defendant's Counterclaim, thereby entitling it to receive its reasonable attorneys' fees and costs from Defendant, Miami Chocolates, LLC. [ECF 278, at 2]. Defendants argue that PFA's Motion [ECF 284] fails to articulate the multiple factors that Courts consider when evaluating entitlement to prevailing party attorneys' fees and costs under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). [ECF 289, at 10]. Ironically, Defendants' Response fails to set forth the elements which PFA's Motion allegedly does not address.

This Court possesses the discretion to award attorneys' fees and costs under FDUTPA after considering various equitable factors, including: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions – including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, (6) groundless; whether the defense raised defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law. *See Humane Soc'y of Broward County., Inc., v. Fla. Humane Soc'y,* 951 So. 2d 966, 971-72 (Fla. Dist. Ct. App. 2007) (citing *Rosen v. Rosen,* 696 So. 2d 697, 700-01 (Fla. 1997)). This list of elements for the court's consideration is non-exhaustive. *Id.* at 971. Here, each of the factors weighs in PFA's favor,

justifying its entitlement to prevailing party fees. Accordingly, PFA is entitled to an award of its prevailing party attorneys' fees and costs as to Count III against Defendant, Miami Chocolates, LLC's under its Counterclaim.

### D. PFA is Entitled to Collect Prevailing Party Fees and Costs Against Defendants, Charles and Judy McDonald Under its Common Law Unfair Competition Claims

As to Defendants, Charles and Judy McDonald, PFA is entitled to attorneys' fees under Count IV of its Amended Complaint for Common Law Unfair Competition. Defendants erroneously argue that this Court's Omnibus Order on Motions for Summary Judgment [ECF 202], precludes PFA from entitlement to prevailing party fees and costs because that Order did not find that this case was so "exceptional" that an award of attorneys' fee was justified. [ECF 202, at 18, FN 10]. However, that Order and its findings were vacated by the Eleventh Circuit's Opinion dated October 11, 2022.

Upon entering the Amended Final Judgment, this Court did not make any findings that this case was not "exceptional" so as to preclude PFA from being entitled to collect its prevailing party fees and costs against Defendant, Charles and Judy McDonald. Exceptional cases are those where the infringing party acts in a "malicious, fraudulent, deliberate, or willful manner." *Planetary Motion, Inc. v. Techsplosion, Inc.,* 261 F. 3d 1188, 1205 (11th Cir. 2001) (citing *Burger King Corp. v. Pilgrim's Pride Corp.,* 15 F. 3d 166, 168 (11th Cir. 1994). PFA established that Defendant, Charles and Judy McDonald's actions in engaging in unfair competitive actions were deliberate and willful. Accordingly, sufficient evidence was submitted for this Court to deem this case as "exceptional" under 15 U.S.C. 1117(a) and entitle PFA to recover its prevailing party attorneys' fees and costs against Defendants, Charles and Judy McDonald.

### III. CONCLUSION

PFA is entitled to the recovery of its reasonable prevailing party fees and costs against

6
**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

Defendants, Miami Chocolates, LLC, Charles McDonald, and Judy McDonald, because PFA timely served its draft Motion upon Defendants in accordance with the Amended Final Judgment and Local Rule 7.3(b), PFA's Certificate of Conferral complied with Local Rule 7.3(a)(8), PFA is entitled to the recovery of its prevailing party fees and costs against Defendant, Miami Chocolates, LLC under Counts IV and V of its Amended Complaint and Defendant's Counterclaims, and PFA established that this case was "exceptional" under 15 U.S.C. 1117(a) to justify an award of prevailing party fees and costs against Defendant, Charles and Judy McDonald, under Count IV of its Amended Complaint for Common Law Unfair Competition.

WHEREFORE, Plaintiff, Peterbrooke Franchising of America, LLC, respectfully requests that this Honorable Court: (i) grant its Amended Motion for Attorneys' Fees and Costs [ECF 284] and (ii) award it $246,258.50 in attorneys' fees and $5804.66 in costs against Defendants, Miami Chocolates, LLC, Charles McDonald, and Judy McDonald, plus any additional ongoing attorneys' fees and costs, and (iii) grant such other and further relief this Court deems just and proper.

Dated: May 26, 2023

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 South Biscayne Boulevard
34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428

By: s/ Robert M. Einhorn
**ROBERT M. EINHORN – FBN 858188**
Primary E-mail: reinhorn@zarcolaw.com
Secondary E-mail: imorfi@zarcolaw.com
**BRENDA PHANG – FBN 1012334**
E-mail: BPhang@zarcolaw.com
**ALEC R. SHELOWITZ – FBN 1010127**
E-Mail: ashelowitz@zarcolaw.com

7

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, the foregoing document is being served this day on counsel for Defendants, Leon F. Hirzel and Patrick G. Dempsey, HIRZEL DREYFUSS & DEMPSEY, PLLC, 2333 Brickell Avenue, Suite A-1 Miami, Florida 33129, via the Court's CM/ECF system.

/s/ *Robert M. Einhorn*

8

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428